IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER T. PHELPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-029-DRH |
| | ) |
| **DONALD A. HULICK and** | ) |
| **TERRY HASEMEYER,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Two motions are pending in this action. First is Plaintiff's motion to voluntarily withdraw his complaint (Doc. 9). The day before receiving this motion, the Court entered an order and judgment closing this action (*see* Docs. 7, 8). Accordingly, the instant motion is **MOOT**.

The second motion asks the Court to overturn the dismissal and allow him leave to amend his complaint. Technically, a "Motion to Overturn" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order and judgment in question (Docs. 7, 8) were entered in this action on April 10, 2007, and the instant motion was filed on April 26. Giving Plaintiff the benefit of the mailbox rule, *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), the Court finds that this motion was filed within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing this action pursuant to 28 U.S.C. § 1915 was correct. Furthermore, allowing Plaintiff leave to amend would not lead to a different result; he wishes to amend to show the outcome of his grievances. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   August 21, 2007.**

/s/   DavidRHerndon
**DISTRICT JUDGE**